UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

NATHANIEL PENA FELICIANO,
and other similarly-situated individuals,

    Plaintiff,
v.

STYROFOAM MOULDING COMPANY,
and ANTONIO CASCO, individually

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NATHANIEL PENA FELICIANO and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants STYROFOAM MOULDING COMPANY, and ANTONIO CASCO individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff NATHANIEL PENA FELICIANO is a resident of Hillsborough County, Florida within the jurisdiction of this Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant STYROFOAM MOULDING COMPANY (hereinafter STYROFOAM MOULDING, or Defendants) is a Florida corporation, having its place of business at

Valrico, Hillsborough County, Florida. The Defendants were and are engaged in interstate commerce.

4. The individual Defendant ANTONIO CASCO was and is now, the owner/officer and manager of Defendants Corporation STYROFOAM MOULDING. Defendants ANTONIO CASCO is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Hillsborough County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff NATHANIEL PENA FELICIANO as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, retaliatory damages and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2017, (the "material time") without being properly compensated.

7. Defendant STYROFOAM MOLDING is a construction company providing interior and exterior styrofoam custom molding to the construction industry in the Tampa Bay area. The Defendant's business is located at 1790 Avant ST, Valrico, FL 33594, where Plaintiff worked.

8. The Defendants STYROFOAM MOLDING and ANTONIO CASCO employed Plaintiff NATHANIEL PENA FELICIANO, as a non-exempt, full time, salaried employee from April 15, 2017, to February 14, 2020, or July 25, 2019, or 148 weeks.

9. The Plaintiff was hired as a construction worker and he was paid a weekly salary of $600.00 weekly.

10. During his time of employment with Defendants, the Plaintiff worked one week of 5 days and 1 week of 6 days. The Plaintiff had a very regular schedule, he worked from 6:00 AM to 6:30 PM (12.5 hours daily), Plaintiff worked weeks of 5 days with 62.5 hours per week, and in weeks of 6 days with 75 hours per week. The Plaintiff was unable to take bonafide lunch periods.

11. This schedule means that Plaintiff worked 74 weeks and of 5 days/62.5 working hours and 74 weeks of 6 days/75 working hours per week.

12. The Plaintiff worked in excess of 40 hours per week, and he was paid $600.00 weekly, regardless of the number of hours worked. The Plaintiff was not paid for overtime hours as required by law.

13. During the weeks in which the Plaintiff worked 6 days per week with 75 working hours, the Plaintiff regular hourly wage rate dropped below the established minimum wage rate as per requirements of the Fair Labor Standards Act.

14. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess

of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. The Plaintiff was paid weekly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

17. The Plaintiff disagreed with the number of working hours paid to him, and he complained multiple times to the owner of the business.

18. As a result of the Plaintiff's complaints, on or about February 14, 2020, the Defendants fired Plaintiff using pretextual reasons.

19. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections

20. Plaintiff NATHANIEL PENA FELICIANO seeks to recover half-time unpaid overtime hours, accumulated during all his time of employment, liquidated damages, and any other damages, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff NATHANIEL PENA FELICIANO re-adopts every pertinent and factual allegation, regarding him, as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff NATHANIEL PENA FELICIANO and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The employer STYROFOAM MOLDING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants is a construction company that provides its services to companies engaged in interstate commerce. The Defendants have more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendants operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

25. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

26. The Defendants STYROFOAM MOLDING and ANTONIO CASCO employed Plaintiff NATHANIEL PENA FELICIANO, as a non-exempt, full time, salaried employee from April 15, 2017, to February 14, 2020, or July 25, 2019, or 148 weeks.

27. The Plaintiff was hired as a construction worker and he was paid a weekly salary of $600.00 weekly.

28. During his time of employment with Defendants, the Plaintiff worked one week of 5 days and 1 week of 6 days. The Plaintiff had a very regular schedule, he worked from 6:00 AM to 6:30 PM (12.5 hours daily), Plaintiff worked in weeks of 5 days 62.5 hours per week, and in weeks of 6 days 75 hours per week. The Plaintiff was unable to take bonafide lunch periods.

29. This schedule means that Plaintiff worked 74 weeks and of 5 days/62.5 working hours and 74 weeks of 6 days/75 working hours per week.

30. The Plaintiff worked in excess of 40 hours per week, and he was paid $600.00 weekly, regardless of the number of hours worked. The Plaintiff was not paid for overtime hours as required by law.

31. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The Plaintiff was paid weekly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

34. The Plaintiff was fired by the Defendants on February 14, 2020.

35. The records, if any, concerning the number of hours worked by Plaintiff NATHANIEL PENA FELICIANO, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

36. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate. As per FLSA regulation, Florida's higher minimum wage-rate will apply.

    a. <u>Total amount of alleged unpaid wages</u>:

    Eighteen Thousand Nine Hundred Forty-Four Dollars and 00/100 ($18,944.00)

    b. <u>Calculation of such wages</u>:

    Total Period of employment: 148 weeks
    Relevant weeks of employment: 148 weeks

    **1. O/T for 74 weeks of 5 days/62.5 working hours weekly**

    Relevant weeks of employment: 74 weeks
    Total hours: 75 hours weekly
    Total overtime hours: 35 hours weekly
    Paid: $600.00 weekly
    Regular rate: $600.00:62.5 hours weekly=$9.60 an hour:2=$4.80 half-time

    Half-time O/T $4.80 x 22.5 O/T hours=$108.00 weekly x 74 weeks=$7,992.00

## 2. O/T for 74 weeks of 6 days/75 working hours weekly

Relevant weeks of employment: 74 weeks
Total hours: 75 hours weekly
Total overtime hours: 35 hours weekly
Paid: $600.00 weekly
Regular rate: $600.00:75 hours weekly=$8.00 an hour, less than Min.wage
Fl minimum wage: 8.46:2=$4.23

Half-time O/T $4.23 x 35 O/T hours=$148.00 weekly x 74 weeks=$10,952.00

Total # 1 and # 2= $18,944.00

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents the unpaid overtime compensation.

39. At all times, the Employers/Defendants STYROFOAM MOLDING and ANTONIO CASCO failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

40. Defendants STYROFOAM MOLDING and ANTONIO CASCO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, individual Defendant ANTONIO CASCO was the owner and manager of STYROFOAM MOULDING. Defendants ANTONIO CASCO was the

employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendants acted directly in the interests of STYROFOAM MOULDING in relation to their employees, including Plaintiff and others similarly situated. Defendants ANTONIO CASCO had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

42. Defendants STYROFOAM MOLDING and ANTONIO CASCO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

43. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NATHANIEL PENA FELICIANO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NATHANIEL PENA FELICIANO and other similarly situated individuals, and against the Defendants STYROFOAM MOLDING and ANTONIO CASCO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NATHANIEL PENA FELICIANO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

44. Plaintiff NATHANIEL PENA FELICIANO re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff NATHANIEL PENA FELICIANO and those similarly-situated to recover from the Employer STYROFOAM MOULDING unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

46. The employer STYROFOAM MOULDING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

47. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and

materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

48. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. The Defendants STYROFOAM MOLDING and ANTONIO CASCO employed Plaintiff NATHANIEL PENA FELICIANO, as a non-exempt, full time, salaried employee from April 15, 2017, to February 14, 2020, or July 25, 2019, or 148 weeks.

50. The Plaintiff was hired as a construction worker and he was paid a weekly salary of $600.00 weekly regardless of the number of hours worked in every week.

51. During his time of employment with Defendants, the Plaintiff worked 74 weeks and of 5 days/62.5 working hours and 74 weeks of 6 days/75 working hours per week.

52. However, while employed with Defendants, the Plaintiff was not paid at the minimum wage rate as established by the Fair Labor Standards Act.

53. During the weeks in which the Plaintiff worked 6 days per week with 75 working hours, the Plaintiff's regular hourly wage rate dropped below the established minimum wage rate required by the FLSA. The Plaintiff was paid at the rate of $8.00 an hour.

54. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

55. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

56. The records, if any, concerning the number of hours worked by Plaintiff NATHANIEL PENA FELICIANO, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

57. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage-rate was $8.00 an hour. Florida's minimum wage in 2019 is $8.46, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    Two Thousand Five Hundred Fifty-Three Dollars and 60/100 ($2,553.00)

    b. <u>Calculation of such wages</u>:

    Total relevant weeks of employment: 74 weeks
    Total hours worked: 75 hours weekly
    Paid: $600.00 weekly:75 hours=$8.00 an hour
    Florida minimum wage 2019:  $8.46-$8.00 paid=$0.46 Min. wage difference

Min. wage difference $0.46 x 75 hours=$34.50 weekly x 74 weeks=$2,553.00

    c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages.

60. Defendants STYROFOAM MOULDING and ANTONIO CASCO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

61. Defendants STYROFOAM MOULDING and ANTONIO CASCO knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

62. At the times mentioned, individual Defendant ANTONIO CASCO was, and is now, the owner/director and manager of Defendant Corporation STYROFOAM MOULDING. Individual Defendant ANTONIO CASCO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of STYROFOAM MOULDING in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant ANTONIO CASCO had absolute operational and financial control of STYROFOAM MOULDING and he is jointly and severally liable for the Plaintiff's damages.

63. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NATHANIEL PENA FELICIANO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NATHANIEL PENA FELICIANO and against the Defendants STYROFOAM MOULDING, and ANTONIO CASCO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NATHANIEL PENA FELICIANO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3)

64. Plaintiff NATHANIEL PENA FELICIANO re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

65. The employer STYROFOAM MOULDING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate

commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

66. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time during business. Therefore, there is individual coverage.

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. The Defendants STYROFOAM MOLDING and ANTONIO CASCO employed Plaintiff NATHANIEL PENA FELICIANO, as a non-exempt, full time, salaried employee from April 15, 2017, to February 14, 2020, or July 25, 2019, or 148 weeks.

71. The Plaintiff was hired as a construction worker and he was paid a weekly salary of $600.00 weekly.

72. During his time of employment with Defendants, the Plaintiff worked 74 weeks and of 5 days/62.5 working hours and 74 weeks of 6 days/75 working hours per week.

73. The Plaintiff worked in excess of 40 hours per week, and he was paid $600.00 weekly, regardless of the number of hours worked. The Plaintiff was not paid for overtime hours as required by law.

74. During the weeks in which the Plaintiff worked 6 days per week with 75 working hours, the Plaintiff's regular hourly wage rate dropped below the established minimum wage rate as per requirements of the Fair Labor Standards Act.

75. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. The Plaintiff disagreed with the number of working hours paid and he complained multiple times to the owner of the business.

78. These complaints constituted protected activity under the FLSA.

79. However, as a result of the Plaintiff's multiple complaints on or about February 14, 2020, Defendant fired Plaintiff using a pretextual reason.

80. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

81. There is closed proximity between Plaintiff's protected activity and his termination.

82. The motivating factor which caused the Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendant. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

83. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

84. Plaintiff NATHANIEL PENA FELICIANO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NATHANIEL PENA FELICIANO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant STYROFOAM MOULDING that Plaintiff NATHANIEL PENA FELICIANO recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant STYROFOAM MOULDING to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff NATHANIEL PENA FELICIANO further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff NATHANIEL PENA FELICIANO demands trial by a jury of all issues triable as of right by jury.

Dated: March 26, 2020

                                                    Respectfully submitted,

                                                    By: **/s/ Zandro E. Palma**
                                                    ZANDRO E. PALMA, P.A.
                                                    Florida Bar No.: 0024031
                                                    9100 S. Dadeland Blvd.
                                                    Suite 1500
                                                    Miami, FL 33156
                                                    Telephone: (305) 446-1500
                                                    Facsimile: (305) 446-1502
                                                    zep@thepalmalawgroup.com
                                                    *Attorney for Plaintiff*