UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:20-cv-00718-TPB-JSS

NATHANIEL PENA FELICIANO,
and other similarly-situated individuals,

    Plaintiff,
v.

STYROFOAM MOULDING COMPANY,
and ANTONIO CASCO, individually

    Defendants,
_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff, NATHANIEL PENA FELICIANO by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants, STYROFOAM MOULDING COMPANY and ANTONIO CASCO and states:

1. On or about March 26, 2020, Plaintiff brought the above titled action against the Defendant, STYROFOAM MOULDING COMPANY and ANTONIO CASCO to recover minimum, overtime compensation, liquidated damages, retaliatory damages and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

2. On or about June 8, 2020, the Summons(es) and Complaint in this cause were duly served, upon the Defendants STYROFOAM MOULDING COMPANY and ANTONIO CASCO Accordingly, Defendants' Answers were due on or before June 29, 2020.

3. As of this date, Defendants STYROFOAM MOULDING COMPANY and ANTONIO CASCO have failed to respond the Complaint.

4. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

5. The Defendant, STYROFOAM MOULDING COMPANY, cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764* F.2d 1381 (11th Cir. *1985).*

6. A Clerk's Default [D.E. 10 & 11] was entered on July 17, 2020 against Defendants STYROFOAM MOULDING COMPANY and ANTONIO CASCO.

7. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

8. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

9. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their

unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

10. Moreover, Section 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

11. In support of the damages alleged in the Complaint, the Plaintiff, NATHANIEL PENA FELICIANO has submitted evidence in the form of an affidavit [Exhibit "A"].

12. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

13. Defendant failed to pay Plaintiff at least $21,500.70 during the period of time in which Plaintiff was working for Defendants, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff seeks to recover back pay in the amount of $10,800.00, liquidated damages in the amount of $32,300.70 as well as attorney fees ($5,756.25) and costs ($600.00), for a total amount of $70,957.40 as judgment against Defendants.

14. Plaintiff claims judgment by default for failure of Defendants STYROFOAM MOULDING COMPANY and ANTONIO CASCO to file or serve any papers in the action or otherwise plead.

## MEMORNDUM OF LAW

A. **Service of Process**

Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service on an individual in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. With respect to service on a corporate defendant, service must be had in a judicial district of the United States by either following the state law or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h). Pursuant to Florida stature 48.062 (4), "If the address provided for the registered agent, member, or manager is a residence or private mailbox, service on the limited liability company, domestic or foreign, may be made by serving the registered agent, member, or manager in accordance with s. 48.031"

According to the proof of service filed in this matter, the Complaint was duly served upon Defendant ANTONIO CASCO at the address obtained from the division of corporations in compliance with Florida Statute 48.031(1)(a) [see attached Exhibit B – Affidavit of service]. With respect to service on a corporate defendant STYROFOAM MOULDING COMPANY, since the corporate Defendant's registered agent has a residence address, the Complaint was duly served in compliance with Florida Statute 48.062(4) [see attached Exhibit C - Affidavit of service].

**B. Proof of Liability**

Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a Plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a).

The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the plaintiff must establish: (1) that the plaintiff was employed by Defendant during the time period involved; (2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of good for commerce; and (3) that defendant failed to pay the proper compensation as required by law. See *Eleventh Circuit Pattern Jury Instructions – Civil 1.7.1 (2005)*.

The FLSA requires an employer, as defined in the Act, to pay not less than the applicable minimum wage for each hour worked and overtime wages at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in a work week. 29 U.S.C. §§ 206 and 207(a)(1). The employee may bring a cause of action for payment of unpaid applicable minimum wages and overtime wages that are due, an equal amount of liquidated damages, and shall also be entitled to reasonable attorney's fees and costs. 29 U.S.C. §216(b). Also, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal marks omitted); *see also* 29 U.S.C. §203(d).

In the instant case, Plaintiff's Complaint [D.E. 1] contains all of the allegations required to state a claim for liability and entitlement to damages under the FLSA. Specifically, Plaintiff alleges that he was employed by Defendants during the relevant time period. [D.E. 1 at ¶¶ 8,

26, 49]. He further identifies the basis of the Court's jurisdiction – 29 U.S.C. § 201-219, and alleges that he worked in interstate commerce and that Defendants were employers and an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(d), 203(r) and 203(s). [D.E. 1 at ¶¶ 3,4,24, 25,46,47, 65, 66]. Plaintiff alleges that he was a construction worker [D.E. 1 at ¶¶ 9, 27,50, 70 and Exhibit A – Affidavit at ¶¶ 5]. In Count I and II of the complaint, Plaintiff alleges that he was a non-exempt employee; he worked over 40 hours, was paid for all his working hours at a regular but he did not receive any payment for overtime hours as required by law [D.E. 1 ¶¶ 8, 11,12, 26,28,29,30, 49, 71 and Exhibit A – Affidavit at ¶¶ 10 and 11]. Plaintiff further alleges that when he worked 75 hours weekly (weeks of 6 days), his regular hourly wage rate dropped below the established minimum wage rate. As a result, he was not paid the minimum wage as per requirements of the Fair Labor Standards Act [D.E. 1 ¶¶ 13 and 74 and Exhibit A – Affidavit at ¶ 12]. In addition, the Complaint alleges that Defendants' actions were willful, necessitating a three-year statute of limitations in this matter [D.E. 1 at ¶¶ 15,32,42, 55, 60 and 76].

Additionally, in Count III of the Complaint [D.E. 1], Plaintiff alleges retaliation in violation of the FLSA. In order to show a prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the employer, (3) a causal connection existed between his protected activity and the adverse action by the employer. *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000*).* Here, Plaintiff pleads that he was discharged in direct response to his complains about missing overtime payment, by complaining, plaintiff engaged in protected activity [D.E. 1 at ¶¶ 17, 77, 78 and 79 and Exhibit A- Affidavit at ¶¶ 16 and 20]. Plaintiff suffered an adverse employment action, his termination from employment, as a direct result of

seeking proper payment under the FLSA. [D.E. 1 at ¶¶ 79 and 82]. Plaintiff further pleads that his discharge was in direct response to him requesting overtime payment, a protected activity under 29 U.S.C. §215(a). [D.E. 1, ¶ 18 and Exhibit A- Affidavit at ¶20]. As a result, Plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity [D.E. 1, ¶ 79]. Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The Complaint also seeks relief for the damages incurred and demands judgment against Defendants [D.E. 1 at ¶¶ 1, 6, 20,23, 40,41,45,61 and "Wherefore" clauses]. As such, the Complaint states a claim for the relief requested.

In addition, Plaintiff also pleads an adequate claim for individual liability against the individual Defendant ANTONIO CASCO, as ANTONIO CASCO is alleged to at all times material hereto, be the owner/office and manager of STYROFOAM MOULDING COMPANY, and regularly exercised the authority to: (a) hire and fire employees of STYROFOAM MOULDING COMPANY; (b) determine the work schedules for the employees of STYROFOAM MOULDING COMPANY; and (c) control the finances and operations of STYROFOAM MOULDING COMPANY [D.E. 1 at ¶¶ 4,41 and 62 and Exhibit A - Affidavit at ¶ 4 ].

Courts in this Circuit may examine several factors to determine whether the defendant is an "employer," including "whether the alleged employer (1) had the power to hire and fire the

employees, (2) supervised and controlled the employees' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997); *Kendrick v. Eagle International Group, LLC*, 2011 WL 1326830, *2-3 (S.D. Fla. April 4, 2011) (holding that the individual defendant was individual employer as a matter of law in part because the individual "oversaw the day to day operations of [the Company], which included hiring and firing Plaintiff, supervising her weekly work progress, resolving any work-related problems that arose in Plaintiff's day-to-day duties…" and determining that such duties established the individual's involvement in the day-to-day operations of the company, and his responsibilities directly supervising Plaintiff, such that summary judgment was appropriate). As such, the Complaint states a claim for relief against Defendant ANTONIO CASCO, individually.

Where, as here, a clerk's default has been entered, the defaulting defendant is deemed to have admitted the well-pleaded allegations of fact in the complaint. *See Art Schmidlin v. Apex Mortgage Services, LLC v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."); *Tyco Fire & Sec. LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, because the Complaint clearly states a claim under the FLSA, and this Court must deem the well-pled allegations of the Complaint as admitted; Plaintiff has established his entitlement to default judgment as to liability in this matter.

    C. **Establishing Damages**

In addition, Plaintiff has also sufficiently articulated the damages to which he is entitled. Specifically, Plaintiff files herewith an affidavit in support of his Motion for Entry of Default Final Judgment containing reasonable approximations of his damages for unpaid overtime wages and retaliation damages. See Exhibit A – Affidavit of amount of indebtedness, attached thereto. These calculations are based upon his reasonable recollection of his schedule throughout his employment. Plaintiff is not able to rely on any time or payroll records because he never received any from Defendant [Affidavit at ¶ 14].

In making a motion for final default judgment, plaintiffs may, and routinely do, establish the amount of their damages by affidavit. See, e.g., Edenfield v. Crib 4 Life, et al., No. 6:13-cv-00319-CEH-KRS at D.E. 32, pp. 5-6 (M.D. Fla. March 10, 2014) (citing Etienne v. Inter-Cnty. Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999)) (awarding damages requested in affidavit where defendant failed to disprove alleged damages); Lopez v. La Hacienda Mexican Grill, Inc., No. 8:13cv350, 2013 WL 2949137, at 84 (M.D. Fla. June 14, 2013) (allowing Plaintiff to establish amount of damages by affidavit); Langham v. James Dean Joyner, LLC d/b/a The Fireplace Doctor, No. 3:13-00051 at D.E. 12 p. 3 (N.D. Fla. July 9, 2013) (granting motion for final default judgment, and determining damages based on Plaintiff's affidavit); Jenkins v. North Texas Maintenance, Inc., No. 2:12-cv-00677 (SPC-DNF); D.E. 21 at n. 2 (M.D. Fla. June 6, 2013) (same, noting that ("[a] default judgment may be entered without a hearing if the claim 'is a sum certain or sum that can be made certain by computation' upon the plaintiff's request with an affidavit showing the amount due.") (citing Fed. R. Civ. P. 55(b)(1); SEC v. Smyth, 420 F.3d 1225, 1231 n. 13 (11th Cir. 2005)). In the absence of records from a defendant, a plaintiff's approximation of hours is sufficient to establish damages. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Reich v. Southern New England Telecom. Corp., 121 F.3d 58 (2d Cir.

1997); Edenfield v. Crib 4 Life, et al., No. 6:13-cv-00319-CEH-KRS at D.E. 32, pp. 5-6 (M.D. Fla. March 10, 2014) (approximation of hours is sufficient). Here, Plaintiff has no records because Defendants failed in their obligation to maintain same. [D.E. 1 at ¶¶ 35 and 56, and Exhibit A - Affidavit at ¶¶ 14 and 15]. Here, where the Defendants did not even respond to the Complaint, Plaintiff's affidavit stating his reasonable recollection based upon his schedule are the best evidence of hours worked and amounts paid and should be credited to establish damages. See generally, Anderson, Reich, Edenfield, supra. According to Plaintiff's affidavit, he seeks the amount of $18,944.00 in unpaid overtime wages and $2,553.00 in minimum wages. Plaintiff alleges he is owed 22.5 overtime hours for approximately 74 weeks at the halftime rate of $4.80 ($4.80 x 22.5 O/T hours=$108.00 weekly x 74 weeks=$7,992.00); plus 35 overtime hours for approximately 74 weeks at the halftime rate of $4.23 ($4.23 x 35 O/T hours=$148.05 weekly x 74 weeks=$10,955.70; Total of $18,947.70) [see D.E. 1 at ¶ 38 and Exhibit A - Affidavit at ¶ 17]. Plaintiff also alleges he is owed minimum wage difference for 74 weeks (FL Min. wage Difference $0.46 x 75 hours=$34.50 weekly x 74 weeks=$2,553.00) [see D.E. 1 at ¶ 59 and Exhibit A - Affidavit at ¶ 18] .

In Count III of Plaintiff's Complaint [D.E. 1], Plaintiff alleges retaliation in violation of the FLSA. In order to show a prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the employer, (3) a causal connection existed between his protected activity and the adverse action by the employer. *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000*).* Here, Plaintiff pleads that he was discharged in direct response to his complains about missing overtime payment, by complaining, plaintiff engaged in protected activity [D.E. 1 at ¶¶ 17, 77, 78 and 79 and Exhibit A- Affidavit at ¶¶ 16 and 20]. Plaintiff suffered an adverse

employment action, his termination from employment, as a direct result of seeking proper payment under the FLSA. [D.E. 1 at ¶¶ 79 and 82]. Plaintiff further pleads that his discharge was in direct response to him requesting overtime payment, a protected activity under 29 U.S.C. §215(a). [D.E. 1 at ¶ 18 and Exhibit A- Affidavit at ¶20]. As a result, Plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity [D.E. 1, ¶¶ 80 and 81].

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff seeks $10,800.00 in back pay damages. In determining the amount of back pay due, Plaintiff has a duty to mitigate his damages, and it is proper to deduct Plaintiff's subsequent earnings from his lost wages. *See, e.g., Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1471-72 (11th Cir. 1988) (district court erred in failing to deduct interim earnings from back pay award under Title VII). After his termination, Plaintiff "immediately started looking for a job". However, Plaintiff was unemployed for approximately 18 weeks [see Exhibit A- Affidavit at ¶ 21]. Plaintiff was able to find a new job on June 20, 2020 [see Exhibit A- Affidavit at ¶ 22]. Plaintiff contends that he should be entitled to $10,800.00 for the 18 weeks he was unemployed until June 20, 2020. Had Plaintiff not been retaliated against and continued his employment during that time period, he would have been paid approximately $10,800.00 ($600.00 weekly lost x 18 weeks) [see Exhibit A- Affidavit at ¶ 23].

In addition, an employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith

and predicated upon reasonable grounds. See Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987). In this case, Defendants failed to meet its burden to oppose the imposition of liquidated damages, and therefore liquidated damages must also be awarded.

### D. Attorney's Fees and Costs

The FLSA provides that the Plaintiffs are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 15.35 hours pursuing Plaintiff's claims against Defendants. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit D]. Plaintiff is requesting a reasonably hourly rate of $375.00 for Mr. Zandro E. Palma, Esq (a total amount of $5,756.25 in attorney's fees).

Mr. Zandro E. Palma, Esq hourly rate of $375.00 has been consistently approved and deemed reasonable by Courts in the Southern and Middle District of Florida. *See Abreu v. Free Flow Constr., Inc.*, Case No. 18-20244, 2018 WL 6492904, at *1 (S.D. Fla. Oct. 30, 2018) (adopting Report and Recommendation recommending that Zandro E. Palma, Esq.'s requested rate of $375 was reasonable); *see also Ruiz, et. Al. v. Global Fish Handlers, Corp., et al.*, Case No. 1:16-cv-25205-JEM, [D.E.#65], (S.D. Fla. April 4, 2019) ("This Court has previously awarded Mr. Palma attorney's fees at a rate of $375 per hour. The Court finds that $375 is a reasonable hourly rate for Mr. Palma.")

The law firm of Zandro E. Palma, P.A. has also expended $600.00 in costs in Plaintiff's

case. (*See* Zandro Palma's Affidavit at ¶ 18; Exhibit D). As such, the attorney fees and costs for prosecution of Plaintiff's claims against STYROFOAM MOULDING COMPANY and ANTONIO CASCO amounts to $6,356.25 ($5,756.25 + $600.00).

## CONCLUSION

WHEREFORE, Plaintiff humbly requests that this Honorable Court enter default judgments against all Defendants, STYROFOAM MOULDING COMPANY and ANTONIO CASCO, jointly and severally, in favor of the Plaintiff and Counsel in the following amounts:

a) Plaintiff NATHANIEL PENA FELICIANO for $64,407.00 which represents $18,947.70 for unpaid overtime; $2,553.00 for minimum wages; $10,800.00 for back wages and $32,300.70 for liquidated damages;

b) Zandro E. Palma, P.A. for attorney's fees in the amount of $5,756.25 and costs in the amount of $600.00, for a total of $6,356.25, as the prevailing party under the FLSA.

Dated: October 9, 2020.

>Respectfully submitted,
>ZANDRO E. PALMA, ESQ.
>Florida Bar No.: 0024031
>zep@thepalmalawgroup.com
>ZANDRO E. PALMA, P.A.
>9100 South Dadeland Boulevard
>Suite 1500
>Miami, Florida 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Zandro E. Palma
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
*Attorney for Plaintiff*

**SERVICE LIST**
**CASE NO: 8:20-cv-00718-TPB-JSS**

STYROFOAM MOULDING COMPANY
Through Its Registered Agent
ANTONIO CASCO
1709 Avant St.,
Valrico, FL 33594
*Defendant*

ANTONIO CASCO
1709 Avant St.,
Valrico, FL 33594
*Defendant*

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:20-cv-00718-TPB-JSS

NATHANIEL PENA FELICIANO,
and other similarly-situated individuals,

    Plaintiff,
v.

STYROFOAM MOULDING COMPANY,
and ANTONIO CASCO, individually

    Defendants,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

**THIS CAUSE** is before the Court upon the separately entered Order Granting Plaintiff's Motion for Default Judgment [DE ___ ]. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff NATHANIEL PENA FELICIANO, against Defendants STYROFOAM MOULDING COMPANY and ANTONIO CASCO.

2. Plaintiff NATHANIEL PENA FELICIANO shall recover from Defendants $$64,407.00 which represents $18,947.70 for unpaid overtime; $2,553.00 for minimum wages; $10,800.00 for back wages and $32,300.70 for liquidated damages.

    c) Plaintiff'' Counsel, Zandro E. Palma, Esq., shall receive $55,756.25 and costs in the amount of $600.00, for a total of $6,356.25, from Defendants.

3. This Judgment shall bear interest at the rate of 0.13% interest per annum from today, for which let execution issue forthwith.

4. All other pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

DONE AND ORDERED in Chambers at Orlando, Florida, this ___day of_____, 2020.

_____
THOMAS P. BARBER
UNITED STATES JUDGE

Copies provided to:
All parties and counsel of Record