UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL PENA FELICIANO,

      Plaintiff,

v.                                 Case No: 8:20-cv-718-TPB-JSS

STYROFOAM MOULDING
COMPANY and ANTONIO CASCO,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment Against All Defendants ("Motion"). (Dkt. 13.) Upon consideration and for the reasons that follow, the Court recommends that the Motion be granted in part and denied in part.

## BACKGROUND

Plaintiff Nathaniel Pena Feliciano ("Plaintiff") brings this action against Styrofoam Moulding Company ("SMCo.") and Antonio Casco ("Casco," collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Dkt. 1.) On June 8, 2020, Plaintiff served Defendants with the Complaint and filed proof of service. (Dkts. 7, 8.) Defendants failed to answer the Complaint. The Clerk entered defaults against Defendants on July 17, 2020. (Dkts. 10, 11.)

In this Motion, Plaintiff moves for default judgment against Defendants.[1] (Dkt. 13.)  Plaintiff seeks $64,407 in damages and liquidated damages and $6,356.25 in attorneys' fees and costs as the prevailing party.  (Dkt. 13 at 13.)  Defendants have not appeared, answered the Complaint, responded to the Motion, or otherwise defended against Plaintiff's claims in this action.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend against an action for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought.  Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must respond within twenty-one days after being served with the summons and complaint).  If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the party entitled to judgment must apply to the district court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  A court may enter a default judgment against a

---

[1] In the Complaint, Plaintiff seeks relief on behalf of himself and other similarly situated individuals. (Dkt. 1.)  The FLSA requires written consent to become a plaintiff in a FLSA action.  29 U.S.C. § 216(b); *Anderson v. Cagle's Inc.,* 488 F.3d 945, 950 n.3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action.").  No additional plaintiffs have elected to opt in to this litigation and Plaintiff moves for relief only on his own behalf.  (Dkt. 13.)  Accordingly, the undersigned recommends that the Court dismiss the collective action allegations.  *Ramirez v. Raptor Tech. Grp., Inc.*, No. 5:12-cv-100-OC-34TBS, 2012 WL 2589256, at *1 n.2 (M.D. Fla. June 8, 2012), *report and recommendation adopted,* No. 5:12-cv-100-OC-34TBS, 2012 WL 2586220 (M.D. Fla. July 3, 2012); *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-ORL-28KRS, 2008 WL 2700014, at *1 n.1 (M.D. Fla. July 9, 2008).

defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

Furthermore, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]   However, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted).   Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief.   In addition to the pleadings, the Court may also consider evidence presented in support of the motion for default judgment, including affidavits. *Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *cf. Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-61389-civ, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment).

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct hearings" to determine the amount of damages on a motion for default judgment. However, the Court may exercise its discretion in determining whether a hearing is necessary to assess the applicable damages. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 912 (11th Cir. 2011). If a plaintiff's damages can be mathematically calculated to an ascertainable value, an evidentiary hearing is not required. *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017).

## ANALYSIS

### A. Service of Process

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in accordance with state procedures "for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Federal Rule of Civil Procedure 4(h)(1), a corporation may be served according to state law governing service on an individual or by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); *see Howard v. Otis Elevator*, 6:09-cv-948-ORL-19KRS, 2010 WL 916660, at *2–3 (M.D. Fla. Mar. 11, 2010).

Here, service was made in Florida. Pursuant to Florida Statutes § 48.031, service of process on an individual may be made by leaving copies at the individual's

usual place of abode with a resident who is fifteen years of age or older and informed of the contents of the papers to be served.  Fla. Stat. § 48.031(1)(a).  Plaintiff submitted a Return of Service certifying that Casco was served by leaving copies with his daughter at his usual place of abode.  (Dkt. 13-2.)  The Return of Service also states that the daughter resided at the residence, was fifteen years of age or older, and was informed of the contents of the papers to be served.  (Dkt. 13-2.)  The undersigned finds that Plaintiff established proper service on Casco.

Florida Statutes § 48.081 governs service on Florida corporations, such as SMCo.  Service may be made on a corporation through its registered agent.  Fla. Stat. § 48.081(3)(a).  If the address for the registered agent is a residence, service on the corporation may be accomplished by serving the registered agent in accordance with § 48.031.  Fla. Stat. § 48.081(3)(b).  Plaintiff served SMCo. through its registered agent, Casco, at his residence.  (Dkt. 13-3.)  Process for SMCo. was also left with Mr. Casco's daughter in the manner described above.  As this process comports with Florida Statutes § 48.031 for service on an individual, it also meets the requirements for service on a corporate registered agent under § 48.081.  Therefore, the undersigned finds that Plaintiff established proper service on SMCo.

### B. Liability

#### 1. Unpaid Overtime

In Count I of the Complaint, Plaintiff alleges that Defendants failed to pay him required overtime compensation.  (Dkt. 1 ¶¶ 22–43.)  With limited exceptions not

applicable here, the FLSA provides that an employee engaged in interstate commerce must be paid overtime wages of one and one-half times the regular rate of pay for hours worked over forty hours per week.  29 U.S.C. § 207(a)(2); *see Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *2 (M.D. Fla. Feb. 6, 2017) ("[W]hether an exemption applies is not at issue in this case due to Defendant's default because the burden is on an employer seeking the exemption to prove that the employee falls within the exemption.").  To establish a claim for unpaid overtime wages under the FLSA, Plaintiff must demonstrate that (1) Defendants employed Plaintiff; (2) Defendants were an enterprise engaged in interstate commerce; (3) Plaintiff worked in excess of 40 hours per week; and (4) Defendants failed to pay Plaintiff overtime wages.  29 U.S.C. § 207(a): *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sanchez v. Grundy Pizza, Inc.*, No. 6:16-cv-596-ORL-31GJK, 2017 WL 693348, at *3 (M.D. Fla. Feb. 2, 2017), *report and recommendation adopted,* No. 6:16-cv-596-ORL-31GJK, 2017 WL 680066 (M.D. Fla. Feb. 21, 2017).

Plaintiff alleges facts supporting each element of his claim for unpaid overtime wages.  First, Plaintiff contends that Defendants employed him full-time for 148 weeks. (Dkt. 1 ¶ 26.)  Additionally, Plaintiff asserts that Defendants were engaged in interstate commerce during his employment.  (Dkt. 1 ¶¶ 24–25.)  Finally, Plaintiff alleges that he worked over 40 hours each week of his employment but was not paid for those overtime hours.  (Dkt. 1 ¶¶ 27–33.)  Plaintiff also pleaded that Casco is the

owner, officer, and manager of SMCo. and had "operational control" over Plaintiff's employment. (Dkt. 1 ¶¶ 4, 41.) Defendants, through their default, admit these well-pleaded allegations in the Complaint. *See Cotton*, 402 F.3d at 1278 (providing that a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact). Based on Plaintiff's allegations, Casco may be held jointly and severally liable as an employer under the FLSA. *See* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee"); *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) ("A corporate officer is personally liable as an FLSA employer if he has operational control of a corporation's covered enterprise, which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue.") (punctuation and citation omitted); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) ("[T]he FLSA contemplates that a covered employee . . . may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment."). Therefore, it is recommended that Plaintiff established liability for Defendants on Count I for unpaid overtime wages.

2. <u>Minimum Wage</u>

In Count II of the Complaint, Plaintiff contends that Defendants also failed to pay him the required minimum wage. (Dkt. 1 ¶¶ 44–63.) Under the FLSA, employers must pay a minimum wage to employees engaged in interstate commerce. 29 U.S.C.

§ 206(a).  A plaintiff seeking unpaid minimum wages under the FLSA must establish: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or the defendant was an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff the applicable minimum wage.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008) (citation omitted).

In the Complaint, Plaintiff contends that Defendants employed him full-time for 148 weeks.  (Dkt. 1 ¶ 49.)  Additionally, Plaintiff asserts that Defendants were engaged in interstate commerce during his employment.  (Dkt. 1 ¶¶ 46–47.)  Plaintiff further alleges that he worked an alternating weekly schedule, consisting of one 5-day workweek followed by one 6-day workweek.  During his 148 weeks of employment, Plaintiff worked 74 5-day workweeks and 74 6-day workweeks.  (Dkt. 1 ¶¶ 10, 11, 28, 29, 51.)  During the 6-day workweeks, Plaintiff alleges he worked 75 hours.  (Dkt. 1 ¶ 51.)  Plaintiff was paid $600 per week, at a rate of $8.00 per hour during the 6-day workweeks.  (Dkt. 1 ¶ 53.)   In Florida, the minimum wage from 2017 to 2020 was more than $8.00 per hour.  *See* Florida Department of Economic Opportunity, Florida Minimum Wage History 2000 to 2021 (October 2020), https://www.floridajobs.org/docs/default-source/business-growth-and-partnerships/for-employers/posters-and-required-notices/2021-minimum-wage/florida-minimum-wage-history-2000-2021.pdf?sfvrsn=f4a4bb0_2.   However, the FLSA mandates a minimum wage of $7.25 per hour.  29 U.S.C. § 206(a).  Plaintiff contends that where, as here, the state minimum wage exceeds the federal minimum

wage, the state minimum wage is the recoverable minimum wage under FLSA. (Dkt. 1 ¶ 59.) Plaintiff does not cite any authority for this position.

Although states are entitled to set a higher minimum wage under state law, a plaintiff is not entitled to recover the state minimum wage under the FLSA. *See Hamann v. Little Italy's Meatballs, LLC*, No. 8:20-cv-2589-VMC-AEP, 2021 WL 1931257, at *4 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted,* No. 8:20-cv-2589-VMC-AEP, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021) (concluding that the plaintiff was only entitled to recover the FLSA minimum wage of $7.25 per hour); *Bonich v. NAS Component Maint., Inc.*, No. 20-21582-civ, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage."); *Rodriguez v. City Buffet Mongolian Barbeque, Inc.*, No. 8:18-cv-2745-T-60CPT, 2020 WL 2476043, at *5 (M.D. Fla. Apr. 22, 2020), *report and recommendation adopted,* No. 8:18-cv-2745-T-60CPT, 2020 WL 2473452 (M.D. Fla. May 13, 2020) (denying default judgment for FLSA minimum wage claim seeking to recover the state minimum wage); *Moser*, 2017 WL 10276702, at *3 ("[T]he FLSA contains no provision requiring the payment of the higher state minimum wage. Accordingly, Plaintiff is only entitled to recover the lower minimum wage rate mandated under the FLSA."); *see also McElmurry v. US Bank Nat. Ass'n*, No. cv-04-642-HU, 2005 WL 2078334, at *4 (D. Or. Aug. 24, 2005), *report and recommendation adopted*, No. cv-04-642-HU, 2005 WL 2492932 (D. Or. Oct. 7, 2005) ("[T]here is no support for plaintiffs' argument that the failure to pay that more generous minimum

states a FLSA minimum wage violation.  Such failure may trigger a violation of the relevant state or municipal law, but it does not, by itself, support a federal minimum wage FLSA claim.").

In both the Complaint and his affidavit in support of the Motion, Plaintiff asserts that he was paid a rate of $8.00 per hour during the 6-day workweeks.  (Dkt. 1 ¶ 53; Dkt. 13-1 ¶ 18.)  As this amount exceeds the federal minimum wage of $7.25 per hour, Plaintiff has not established Defendants' liability under the FLSA for failure to pay the required minimum wage.[3]  Therefore, the undersigned recommends that the Motion be denied in this regard.

### 3. Retaliation

In Count III of the Complaint, Plaintiff alleges that Defendants terminated his employment on February 14, 2020 in retaliation for his complaints about unpaid minimum wages and unpaid overtime hours.  (Dkt. 1 ¶¶ 64–84.)  The FLSA prohibits employers from terminating employees in retaliation for complaints of FLSA violations.  29 U.S.C. § 215(a)(3).  This anti-retaliation provision includes both verbal and written complaints of FLSA violations.  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).  To successfully plead a claim for retaliation under the FLSA, a plaintiff must allege: (1) he engaged in an activity protected by the FLSA; (2) he suffered an adverse action from the employer; and (3) a causal connection between the protected activity and the adverse action.  *Wolf v. Coca-Cola Co.*, 200 F.3d

---

[3] Plaintiff does not assert claims in this action under the Florida Minimum Wage Act, Fla. Stat. § 448.110, or any other applicable state law.

1337, 1342 (11th Cir. 2000). An individual may also be held liable for retaliation under the FLSA if he or she is an employer under the statute. *Moore*, 708 F.3d at 1237; *Thomas v. Jensen Telecom, Inc.*, No. 6:09-cv-2018-ORL-28KRS, 2010 WL 11626758, at *4 (M.D. Fla. Dec. 1, 2010), *report and recommendation adopted,* No. 6:09-cv-2018-ORL-28KRS, 2011 WL 13298577 (M.D. Fla. Jan. 10, 2011) ("Individual liability can be imposed against individuals who have been personally involved in unlawful retaliatory conduct on behalf of a corporate employer.").

Plaintiff alleges sufficient facts to support his retaliation claim. He contends that he made multiple complaints to Defendants regarding unpaid wages and overtime hours, that he was ultimately terminated, and that he would not have been terminated but for his complaints about unpaid wages. (Dkt. 1 ¶¶ 77–82.) He also alleges facts to establish individual liability against Casco as the owner with operational control over SMCo. (Dkt. 1 ¶¶ 4, 77, 79, 82.) As such it is recommended that Plaintiff established Defendants' liability for retaliation in violation of the FLSA. *See Hollingsworth v. Hemani Holdings LLC*, No. 6:19-cv-199-ORL-22LRH, 2019 WL 11499493, at *6 (M.D. Fla. Oct. 29, 2019), *report and recommendation adopted,* No. 6:19-cv-199-ORL-22LRH, 2019 WL 11499489 (M.D. Fla. Nov. 13, 2019) (finding allegations of complaints about unpaid overtime to be sufficient to establish protected activity under the FLSA); *Echevarria v. Marcvan Restaurants, Inc.*, No. 8:12-cv-2919-T-24, 2013 WL 1881313, at *1 (M.D. Fla. May 3, 2013) (finding allegations that termination was the result of complaints about unpaid wages to be sufficient to establish a causal connection).

## C. Damages

As an initial matter, the undersigned finds, in its discretion, that a hearing is not required to determine Plaintiff's damages.  A hearing is not required to determine a damages award if "sufficient evidence is submitted to support the request."  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011); *Hamann*, 2021 WL 1931257, at *2; *Sanchez*, 2017 WL 693348, at *2.  Here, Plaintiff submitted a detailed affidavit in support of the Motion explaining his alternating work schedule, hours worked, wages received, and period of unemployment.  (Dkt. 13-1.)

Further, where an employer's records are inadequate and the employee sets forth evidence of the work performed to support a claim for unpaid wages, "the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate."  *Etienne v. Inter-Cty. Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999); *Persiyantseva v. Saint Petersburg Mkt., LLC*, No. 17-22177-civ, 2018 WL 3730400, at *4 (S.D. Fla. May 3, 2018), *report and recommendation adopted,* No. 17-22177-civ, 2018 WL 3730223 (S.D. Fla. May 25, 2018) (holding that affidavit of approximate hours worked was sufficient to establish damages in light of defendant's default); *Edenfield v. Crib 4 Life, Inc.*, No. 6:13-cv-319-ORL-36, 2014 WL 1345389, at *4 (M.D. Fla. Apr. 4, 2014) ("Because [defendant] has not disproved [plaintiff's] evidence of the hours he worked, his approximation of the overtime hours worked is sufficient to establish the number

of hours of overtime he worked."). Plaintiff presents sufficient evidence in support of the Motion for the undersigned to assess his damages request.

### 1. Unpaid Overtime Wages

An employer under the FLSA is liable in the amount of unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see Joiner v. City of Macon*, 814 F.2d 1537, 1538–39 (11th Cir. 1987) (providing that "liquidated damages are mandatory absent a showing of good faith"). Plaintiff seeks $18,947.70 in unpaid overtime wages, as well as liquidated damages. (Dkt. 13-1.)

To determine Plaintiff's damages for unpaid overtime, the Court must first determine Plaintiff's regular rate of pay. *See* 29 U.S.C. § 207(a)(1) (requiring employers to pay employees "one and one-half times the regular rate at which he is employed" for hours over 40 per week). Where an employee is paid a regular, constant salary for fluctuating hours, the regular rate may be calculated by dividing "that weekly salary by the number of hours actually worked." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013) (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 (1942)). Under this fluctuating workweek method, the employee's regular rate of pay varies from week to week and is determined by dividing the salary amount by the hours worked in the workweek. 29 C.F.R. § 778.114(a)(5). Overtime pay of one-half this weekly regular rate "satisfies the overtime pay requirement." *Id.* Alternatively, the regular rate of pay may be calculated by determining the number of

hours of work that the salary was intended to compensate. *Lamonica*, 711 F.3d at 1311; *Dearth v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-ORL-37KRS, 2018 WL 4537474, at *6 (M.D. Fla. Sept. 4, 2018), *report and recommendation adopted sub nom. Bachmann v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-ORL-37KRS, 2018 WL 4502976 (M.D. Fla. Sept. 20, 2018).  Plaintiff utilizes the fluctuating workweek method to calculate his request for damages in the Motion.

Plaintiff maintains that he worked an alternating work schedule during the 148 weeks of employment by Defendants—74 weeks of 62.5 hours per week over five days and 74 weeks of 75 hours per week over six days.  (Dkt. 13-1.)  Further, Plaintiff contends that he was paid $600 in cash each week, regardless of hours worked, and was never provided a paystub or other record of his hours.  For the 5-day workweeks, Plaintiff asserts his regular rate was $9.60 per hour and calculates his overtime wages for 22.5 hours of overtime over 74 weeks at $7,992.[4]  For the 6-day workweeks, Plaintiff claims his regular rate should have been $8.46 per hour—the Florida minimum wage—and calculates his overtime wages for 35 hours of overtime over 74 weeks at $10,955.70.  As set forth above, Plaintiff cannot recover the state minimum wage through an FLSA claim.  Thus, his regular rate for the 6-day workweeks was $8.00 per hour.  His unpaid overtime wages for 35 hours each week for 74 weeks is

---

[4] At a pay rate of $9.60 per hour, Plaintiff is owed an overtime premium of $4.80 per hour for overtime hours.  During the 74 5-day workweeks, Plaintiff worked 22.5 hours of overtime each week, totaling $7,992 ($4.80 x 22.5 hours x 74 weeks).

$10,360.[5]  *See Rodriguez*, 2020 WL 2476043, at *6 (calculating unpaid overtime based upon the pay rate of $8.00 per hour, rather than the higher state minimum wage). Therefore, the undersigned recommends that Plaintiff be awarded $18,352 in unpaid overtime compensation and liquidated damages in an additional equal amount, totaling $36,704.

2. Retaliation

For his retaliation claim, Plaintiff seeks to recover $10,800 in back pay and an additional equal amount in liquidated damages.  (Dkt. 13 at 11.)  An employer who retaliates against an employee in violation of the FLSA "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [the anti-retaliation provision], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  The anti-retaliation provision of the FLSA "gives the district court discretion to award, or not to award, liquidated damages, after determining whether doing so would be appropriate under the facts of the case." *Moore*, 708 F.3d at 1242–43.

Plaintiff establishes his retaliation damages through his affidavit.  Defendants terminated Plaintiff on February 14, 2020.  (Dkt. 13-1 ¶¶ 6, 23.)  Plaintiff "immediately started looking for a new job," but was unable to secure employment for 18 weeks.

---

[5] At a pay rate of $8.00 per hour, Plaintiff is owed an overtime premium of $4.00 per hour for overtime hours.  During the 74 6-day workweeks, Plaintiff worked 35 hours of overtime each week, totaling $10,360 ($4.00 x 35 hours x 74 weeks).

(Dkt. 13-1 ¶¶ 22.)  Plaintiff therefore seeks back pay of $600 per week for 18 weeks, for a total of $10,800.  Plaintiff does not seek any front pay or non-economic damages for his retaliation claim.  But for Defendants' wrongful retaliatory conduct, Plaintiff would not have been unemployed.  *Persiyantseva*, 2018 WL 3730400, at *6.  Additionally, Defendants terminated Plaintiff shortly before the onset of the COVID-19 pandemic. Under the circumstances of this case, and in the absence of any objection from Defendants, the undersigned recommends that Plaintiff be awarded $10,800 in back pay and liquidated damages in an additional equal amount, totaling $21,600.

### D. Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs.  (Dkt. 13 at 12–13.)  In determining the amount of attorneys' fees, courts apply the following three-step process: (1) determine whether the party is entitled to recover attorneys' fees and costs; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party.  *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Generally, the relevant market for purposes of determining the reasonable

hourly rate for an attorney's services is the place where the case is filed.  *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate with direct evidence of rates charged under similar circumstances or with opinion evidence.  *Norman*, 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services.  *Id.* at 1303–04.  In calculating the hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

### 1. Entitlement to Fees and Costs

In addition to any judgment awarded to the plaintiff, the FLSA provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The entry of a default judgment entitles a plaintiff to reasonable attorneys' fees and costs under the FLSA.  *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012).  Costs are limited to those taxable costs permitted under 28 U.S.C. § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  It is recommended that Plaintiff is entitled to his reasonable attorneys' fees and costs as the prevailing party in this FLSA action.

To the extent Plaintiff requests a judgment awarding attorneys' fees and costs be entered in favor of counsel, rather than Plaintiff, this request should be denied. Plaintiff, not counsel, is the prevailing party in this action.  Moreover, there is no evidence before the Court that Plaintiff has assigned his right to recover fees and costs under the FLSA to his attorney.

2.  Reasonable Hourly Rate

Plaintiff seeks an award of $5,756.25 in attorneys' fees for 15.35 hours expended by attorney Zandro E. Palma. (Dkt. 13-4.)  In support of this request, Plaintiff submits the affidavit of Mr. Palma, which includes Mr. Palma's time records.  (Dkt. 13-4.)

Mr. Palma requests an hourly rate of $375 in this case.  In his affidavit, Mr. Palma states that he has practiced labor and employment law since 2006 and has litigated many wage and hour claims.  Mr. Palma states that over 65% of his practice is FLSA litigation on behalf of employees.  (Dkt. 13-4.)  Additionally, Mr. Palma contends that his rate of $375 per hour has been "consistently approved and deemed reasonable by Courts in the Southern and Middle District of Florida." (Dkt. 13-4 ¶ 14.)  However, Mr. Palma does not cite to any cases in the Middle District of Florida to support this statement.

Other than Mr. Palma's assertions based on his personal knowledge and experience, Plaintiff has not submitted other evidence to establish the reasonableness of the requested hourly rate.  *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-ORL-31DCI, 2020 WL 5505389, at *3 (M.D. Fla. Aug. 21, 2020), *report and recommendation*

*adopted,* No. 6:19-cv-130-ORL-31DCI, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) (noting that "the affidavit of the attorney performing the work is generally not sufficient to carry the applicant's burden of establishing that the requested rate is in line with the prevailing market rates"). Further, Mr. Palma's practice is primarily based in Miami-Dade and Broward counties. (Dkt. 13-4 ¶ 4.) As such, "the persuasiveness of [counsel's] averment is diminished by the fact that the [attorney is] located not in this area, but in Miami." *Comercio Y Servicios De Transporte Privado PBA S.A. De C.V. v. RDI, LLC*, No. 8:17-cv-1038-TGW, 2020 WL 364784, at *3 (M.D. Fla. Jan. 22, 2020) (noting that "South Florida's hourly rates are generally higher than those in the Tampa area").

The rate requested by Mr. Palma exceeds the prevailing market rate in the Middle District of Florida for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See McCray v. Dietsch & Wright, P.A.*, No. 8:18-cv-731-T-02SPF, 2020 WL 6565078, at *2 (M.D. Fla. Nov. 9, 2020) (finding $350 per hour was reasonable for an attorney with 20 years of experience); *Sanchez v. M&F, LLC*, No. 6:17-cv-1752-ORL-22LRH, 2020 WL 6106094, at *5 (M.D. Fla. June 17, 2020), *report and recommendation adopted,* No. 6:17-cv-1752-ORL-22LRH, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020) (finding $375 was reasonable for an attorney with twenty years of experience, although noting it was "on the high side"); *Drayton v. Avia Premier Care, LLC.*, No. 8:18-cv-2125-T-35SPF, 2019 WL 2450933, at *2 (M.D. Fla. May 2, 2019), *report and recommendation adopted,* No. 8:18-cv-2125-T-35SPF, 2019 WL

2492098 (M.D. Fla. June 14, 2019) (finding $350 per hour was reasonable for an attorney with twelve years of experience).  Further, this case was not heavily litigated, did not require complex skill, and did not present novel issues.  *Contra Sanchez*, 2020 WL 6106094, at *5 (awarding higher rate of $375 to an attorney with twenty years of experience in part because the case was heavily litigated and presented novel questions of law and fact).  Based on the Court's own expertise and familiarity with the rates in the Middle District of Florida, the Court finds that an hourly rate of $350 for Mr. Palma is reasonable for this case.

### 3.  Hours Reasonably Expended

Plaintiff asserts that Mr. Palma reasonably expended 15.35 hours on this litigation.  (Dkt. 13-4.)  Upon review of the time records, the charges do not appear excessive, redundant, or otherwise unnecessary.  The undersigned finds that 15.35 hours were reasonably expended by Mr. Palma on Plaintiff's claims.  Based on the foregoing, the lodestar for Mr. Palma's fees is the reasonable hourly rate of $350 multiplied by the 15.35 hours reasonably expended, totaling $5,372.50.

### 4.  Adjustments to Lodestar

Plaintiff does not request either an upward or downward adjustment to the lodestar.  The undersigned finds that no adjustment to the lodestar is warranted.

### 5.  Costs

Plaintiff also seeks an award of $600 in costs for the filing fee ($400), service of process fees ($150), and copying and postage ($50).  (Dkt. 13-4 at 7–8.)  The filing fees

and service of process fees are permissible as taxable costs under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920(1) (permitting taxation of the fees of the clerk and marshal as costs); *Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed as costs pursuant to 28 U.S.C. § 1920(1)).   However, "general copying and postage fees" are not recoverable as taxable costs under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Rosario v. AAA Sec. Prot., Inc.*, No. 8:14-cv-391-T-36AEP, 2015 WL 427533, at *4 (M.D. Fla. Feb. 2, 2015).  Therefore, the undersigned recommends that Plaintiff be awarded costs in the amount of $550.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment Against All Defendants (Dkt. 13) be **GRANTED in part** and **DENIED in part** to the extent stated herein.

2. The Clerk be directed enter judgment in favor of Plaintiff Nathaniel Pena Feliciano and against Defendants Styrofoam Moulding Company and Antonio Casco as to Counts I and III in Plaintiff's Complaint (Dkt. 1).

3. Plaintiff be awarded $18,352 in unpaid overtime wages and an additional equal amount in liquidated damages, totaling $36,704.

4. Plaintiff be awarded $10,800 in back pay and an additional equal amount in liquidated damages, totaling $21,600.

5. Plaintiff be awarded $5,372.50 in reasonable attorneys' fees and $550 in costs.

6.  The Clerk be directed to enter judgment in favor of Plaintiff and against Defendants Styrofoam Moulding Company and Antonio Casco, jointly and severally, in the amount of $64,226.50.

**IT IS SO REPORTED** in Tampa, Florida, on July 9, 2021.


_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE



## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record